UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY KAY COHOON,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

Case No. 18-10866
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

_____

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [23]
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14] AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21]**

_____

Wendy Cohoon applied for Disability Insurance Benefits based upon degenerative disc disease, among other ailments. After her claim was denied, Cohoon appeared at a hearing before an Administrative Law Judge (ALJ). The ALJ issued an unfavorable decision about a month later. The Appeals Council vacated the ALJ's decision and remanded the case. A new hearing was held and the ALJ again denied Cohoon's claim. The Appeals Court again vacated the decision and once more remanded the case. A new ALJ was assigned and held a hearing. The ALJ denied Cohoon's claim and the Appeals Court denied her request for review. In March 2018, Cohoon filed the present action.

The Court referred all pretrial proceedings to Executive Magistrate Judge R. Steven Whalen who issued a Report and Recommendation to grant Cohoon's motion for summary judgment and to deny the Commissioner's. (ECF No. 23.) The Commissioner now argues that this Court "should not adopt the R&R, to the extent it impinges on the [ALJ's] authority to determine when a vocational expert is required." (ECF No. 24.)

## I.

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

## II.

"In some instances, an individual [seeking social security disability] can do a little more or less than the exertion specified for a particular range of work [i.e., sedentary, light, and medium]." SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). When an applicant's abilities fall in the middle of two categories of work, where the higher exertional level would result in a finding of "not disabled" but the lower exertional level would result in a finding of "disabled," the ALJ should seek the assistance of a vocational expert (VE). *See id*. If the applicant's exertional capacity is only slightly reduced as a result of her residual functional capacity, the ALJ does not need to seek VE assistance and may find that the applicant is not disabled. *Id*. at *2–3. Likewise, if the ALJ finds that the applicant's exertional capacity is significantly reduced, the ALJ does not need to seek VE assistance and may find that the person is disabled. *Id*.

In this case, the ALJ found that Cohoon's ability fell in the middle of light and sedentary work and sought VE testimony to determine whether there were light-work jobs that Cohoon could still perform. Because the VE opined that there were such jobs available, the ALJ found that Cohoon was not disabled.

In the Report, the Magistrate Judge discussed at some length the ALJ's determination that Cohoon's abilities fell in the middle between light and sedentary work. (ECF No. 23,

PageID.1929–1932.) The Magistrate Judge found that "assuming" Cohoon's abilities indeed fell in the middle of these two categories, the VE's testimony constituted substantial evidence that she could perform light work. (ECF No. 23, PageID.1931). But, he continued, "[o]n the other hand, [Cohoon]'s inability to perform the most critical requirements for light work (walking and standing for around six hours a day) also suggests a *significant* reduction in the ability to perform light work." (ECF No. 23, PageID.1931.) Such a finding would have obviated the need for VE testimony on this issue and, in this case, likely would have resulted in the award of benefits. (ECF No. 23, PageID.1920–1932 (citing SSR 83-12).) After reviewing the record, the Magistrate Judge concluded that "it is unclear" how Cohoon could perform the jobs identified by the VE "while walking an average of 15 minutes an hour." (ECF No. 23, PageID.1932.) Despite expressing strong reservations about how the ALJ exercised his discretion on this issue, the Magistrate Judge reached no clear legal conclusion about the propriety of the ALJ's analysis.

Instead, the Magistrate Judge ultimately found that the ALJ failed to provide a satisfactory reason for discounting Cohoon's treating doctor's opinion and that the error necessitated a remand. (ECF No. 23, PageID.1932–1936.) The Magistrate Judge declined to award benefits, finding such a decision "premature." (ECF No. 23, PageID.1936.)

The Commissioner does not object to the Magistrate Judge's finding regarding the treating physician rule. His only objection is that the Magistrate Judge erred in finding that the ALJ improperly sought VE testimony regarding Cohoon's capacity for light work.

The Court will overrule this objection. It is not clear that the Magistrate Judge's analysis on SSR 83-12 and the use of VE testimony was a basis for the remand recommendation. Indeed, the Magistrate Judge recommended that the case be remanded for reconsideration, not that Cohoon be awarded benefits. In any event, as the remand on the treating physician issue could also impact

the issue of Cohoon's exertional level, the ALJ is free to consider the necessity of VE testimony on remand. *See Boggs v. Comm'r of Soc. Sec.*, No. 2:14-CV-613, 2015 WL 4538368, at *3 (S.D. Ohio July 27, 2015), *report and recommendation adopted*, 2015 WL 5610859 (S.D. Ohio Sept. 23, 2015). So the Court will leave it to the ALJ to make that determination.

## III.

In conclusion, the Court OVERRULES the Commissioner's objection and ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Cohoon's motion for summary judgment (ECF No. 14) and DENIES the Commissioner's motion for summary judgment (ECF No. 21). The case is to be remanded to the ALJ for further administrative proceedings consistent with the Magistrate Judge's Report.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 20, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson